IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

Jermey L. Criswell,                               Case No. 3:09 CV 2688

                Plaintiff,        MEMORANDUM OPINION
                                                AND ORDER

       -vs-
                                                  JUDGE JACK ZOUHARY
Ohio Department of Rehabilitation
  and Correction, et al.,

                Defendants.

*Pro se* Plaintiff Jermey Criswell filed this action under 42 U.S.C. §1983 against the Ohio Department of Rehabilitation and Correction ("ODRC"), Roger Buck, Marva Allen, and William Hansen. Criswell is an inmate at the Marion Correctional Institution ("MCI"). He asserts he was disciplined unjustly for fighting and seeks monetary damages.

## BACKGROUND

Plaintiff states he was assaulted by "Favors," another inmate. Both inmates were assigned to the same Housing Unit. Plaintiff informed a staff member he was experiencing conflict with Favors and asked to be moved to another Housing Unit, but was told he would be placed on a waiting list to be moved to another dorm. Twelve days later, the two inmates got into a fight, resulting in injury to Plaintiff.

The altercation took place on August 15, 2009 at 3:20 a.m. Plaintiff was drawing and had his lamp on. Favors told him to turn the light off and threatened to turn it off himself if Plaintiff did not comply. Plaintiff informed Favors he was not required to take orders from another inmate. When Plaintiff got up a few minutes later to use the restroom, Favors attacked him. The two tussled until Favors overpowered Plaintiff to the floor. Favors continued to hit Plaintiff until Plaintiff was nearly unconscious. However, Plaintiff was able to escape to the corrections officer's desk. Seeing the blood on Plaintiff, the officer summoned medical attention. Plaintiff was taken to the local emergency room where he received stitches for lacerations on his forehead and eyebrow. He still does not have vision in one eye.

Both inmates were given conduct reports for fighting. A hearing was held before the Rules Infraction Board on August 20, 2009. Plaintiff was given ten days in Disciplinary Control with ten days credit for time served. When he was released from segregation, Plaintiff was moved to a different Housing Unit separating him from Favors.

## ANALYSIS

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam) (citing *Haines v. Kerner*, 404 U.S. 519 (1972)), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997). For the reasons stated below, this action is dismissed pursuant to Section 1915(e).

The ODRC enjoys sovereign immunity, and is not subject to this suit for damages. *See Moss v. Columbus Bd. of Educ.*, 98 F. App'x 393, 395-96 (6th Cir. 2004) ("Ohio . . . enjoys immunity from

2

suits brought in federal court under 42 U.S.C. §§ 1981, 1983, 1985, and 1986.") (citing *Mixon v. Ohio*, 193 F.3d 389, 396-97 (6th Cir. 1999)).

Plaintiff does not connect the remaining Defendants to the Complaint. The liability of any defendant cannot be established absent a clear showing the defendant was personally involved in the activities which form the basis of the alleged unconstitutional behavior. *See Rizzo v. Goode*, 423 U.S. 362, 371 (1976); *Mullins v. Hainesworth*, No. 95-3186, 1995 WL 559381 (6th Cir. 1995). The Complaint contains no facts reasonably associating Roger Buck, Marva Allen, or William Hansen to any of Plaintiff's claims.

Plaintiff also does not specify the particular legal claim or claims he seeks to assert against Defendants. Prison officials can be held liable for an Eighth Amendment violation when the official is deliberately indifferent to a substantial risk of serious harm to an inmate. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). To state a claim for relief, the inmate must show he is incarcerated under conditions which pose a serious risk of harm, and an official acted with a sufficiently culpable state of mind with regard to the inmate's health or safety. *Id.* The "[f]ailure to segregate violent inmates from non-violent inmates has been held to constitute 'deliberate indifference' where there is a 'pervasive' risk of harm or where the victim belonged to an 'identifiable' group of prisoners for whom risk of assault is a serious problem." *Street v. Corrections Corp. of Am.*, 102 F.3d 810, 815 (6th Cir. 1996). Although Plaintiff reported conflict with Favors to a corrections officer, there is no indication that Favors was known to be a violent offender. There are no facts suggesting Defendants were aware of a serious pervasive risk to Plaintiff's safety, let alone facts suggesting Defendants deliberately disregarded the danger.

3

## CONCLUSION

Accordingly, this action is dismissed under 28 U.S.C. §1915(e). This Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED.

                                               s/ *Jack Zouhary*
                                         JACK ZOUHARY
                                         U. S. DISTRICT JUDGE

April 19, 2010